[L. A. No. 9853. In Bank.—April 9, 1929.]

WINIFRED D. STRAUSS, Respondent, v. NORBERT C. KROOP, Executor, etc., Appellant.

Joseph Scott and A. G. Ritter for Appellant.

Caesar A. Roberts, Roberts & Roberts and Maynard F. Stiles for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff and cross-defendant in an action brought to recover judgment upon an alleged creditor's claim against the estate of Mathew J. Strauss, deceased, after the rejection of said claim by the executor of the last will and testament of said deceased. There are certain facts involving the relations between the plaintiff and the decedent Strauss which are practically undisputed and in the course of which the alleged indebtedness which formed the basis of the plaintiff's claim against the estate of the decedent is alleged to have arisen. The record discloses that for a number of years prior to the coming of these two parties to California they had been living together as husband and wife in Buffalo, New York, although unmarried, and in fact unmarriageable for the reason that Mathew J. Strauss had during those years a wife living in New York from whom, though actually, he had never been legally separated. Mathew J. Strauss and the plaintiff, who bore throughout her relation with the former the name of Winifred D. Strauss, came to San Diego, California, in about the year 1920, where up to a time shortly before the death of Mathew J. Strauss they maintained their former relation. Each of the parties brought with them some money, which they proceeded to invest in several business enterprises in and about San Diego. The plaintiff was apparently a capable business woman and shortly after their arrival fitted up a beauty shop at a cost of $3,000, which she operated successfully for some time and then sold it for the sum of $5,000, most of which, in the form of cash and of a note and

mortgage, was turned over to Mathew J. Strauss. The parties then bought an apartment house at Coronado for the sum of $32,000, paid for partly in cash and in the giving of notes and mortgages, signed by both, for the balance, and which apartment house was operated chiefly by the plaintiff, and from which during the first year of its operation a net profit of about $12,000 was derived, which also went into the hands of Mr. Strauss. The apartment house was later sold for $40,000 in cash and mortgages and a portion of the sum derived therefrom was invested in a tract of unimproved land lying about thirty-five miles from San Diego, the title to which was taken in the name of Strauss. About this time Strauss, who was in poor health, went east and while in Buffalo, New York, made a will devising all of his property to casual acquaintances except certain small bequests to his sister and brother, and then returned to California, where, after spending considerable sums of money in search of health, he died on March 6, 1923. The defendant and appellant, who was named in his will as executor, caused said will to be admitted to probate in the state of New York; and then coming to California he took out ancillary letters testamentary in the superior court of the county of Los Angeles; whereupon the plaintiff, under the name of Winfred D. Strauss, presented her claim against the estate of said decedent to said executor for approval. In her claim she set forth three items of alleged indebtedness, to wit, an item of $2,500 stated to be the balance belonging to her but retained by Strauss upon the sale of the beauty shop; second, the sum of $4,000 which she stated to be her share of the net profit derived from the purchase and sale of the apartment properties at Coronado; third, the sum of $6,000 alleged to be due her as a result of the operation by her of said apartment properties during the period of joint ownership thereof by the parties. The aggregate of these three items was the sum of $12,500. The plaintiff in her affidavit to said claim averred that this sum was justly due her and against which there were no offsets. Her claim was rejected by the executor, whereupon she commenced this action for the recovery thereof.

The defendant executor appeared and denied any indebtedness on the part of said estate, and also set up by way of counterclaim a promissory note alleged to have been

executed by the plaintiff and upon which the sum of $2,000 with interest remained due and unpaid to said estate. The defendant also filed a cross-complaint upon said promissory note praying affirmatively for the recovery of the amount alleged to be due thereon. To the answer and complaint thus filed the plaintiff presented demurrers upon the ground that the cause of action upon said promissory note set forth in each was barred by the statute of limitations. These demurrers were sustained by the trial court with leave to the defendant to amend. The defendant filed an amended answer, again denying any indebtedness on the plaintiff's said claim, but omitting any reference to said note, and also omitting to file either a counterclaim or a cross-complaint praying for affirmative relief. The cause first came to trial upon the issues as thus presented before the court sitting without a jury and upon the trial the plaintiff took the witness-stand and undertook to give testimony in support of her claim; whereupon counsel for the defendant objected to the giving of such testimony on the part of the plaintiff as to any matters occurring prior to the death of the decedent, under the inhibition of section 1880, subdivision 3 of the Code of Civil Procedure, which objection the trial court at first overruled; but after the plaintiff had thus fully testified as to all the details of her business relationship with the deceased, the defendant moved to strike out the whole of her testimony upon the ground stated in his aforesaid objection. The trial court, after taking the matter under advisement for some time, granted the motion. Thereafter the plaintiff moved the court to modify its order in the foregoing regard in certain respects, which motion the court denied, but shortly thereafter granted an application on the part of the plaintiff for leave to reopen the case and offer further testimony in support of her claim, and thereafter, the cause again coming to trial, the plaintiff again resumed the witness-stand, but only for the purpose of testifying to the extent of identifying her claim and of stating that no portion thereof had been paid. The defendant moved to strike out this testimony, which motion the trial court denied. Thereupon the plaintiff offered the testimony of other witnesses and also considerable documentary evidence in support of her claim and thereupon rested her case.

No evidence was presented on the part of the defendant. The cause being submitted for decision, the trial court filed its findings of fact and conclusions of law, wherein it was found and concluded that the estate of Mathew J. Strauss was indebted to the plaintiff upon each of the items of her claim, aggregating the sum of $12,500, which sum was directed to be paid out of the funds of said estate in the due course of administration thereof. The entry of the judgment followed, from which the defendant has taken this appeal.

The record contains a bill of exceptions whereof a large part is made up of the testimony given by the plaintiff upon the first trial of the cause and which was stricken out on the defendant's motion.

The first contention of the appellant is that the trial court, notwithstanding the fact that it had stricken from the record said testimony, based in a large measure its later findings and conclusions thereon. The record affords no support to said contention, but, on the contrary, negatives the same, since the trial court sets forth in its findings the fact that, having stricken said testimony from the record, it bases its findings and conclusions in the cause upon testimony other than that of the plaintiff herself.

The respondent has moved to strike from the record the appellant's reply brief commenting upon said stricken testimony, but we prefer to rest our decision upon the merits, and hence deny said motion.

The appellant's next and only further contention is that the evidence other than that offered by the plaintiff and stricken from the record, was insufficient to sustain the findings and support the judgment of the trial court. We have examined the evidence as set forth in the bill of exceptions herein. It would serve no useful purpose to review the same in detail. We are fully satisfied from an examination thereof that it is sufficient, in the absence of any counter-showing on the part of defendant, to sustain the findings, conclusions of law and the judgment of the trial court.

In the defendant's specifications appended to his bill of exceptions there is to be found no specification of any error of law committed during the trial of the cause, and this

being so we are satisfied that the judgment should be affirmed and it is so ordered.

Seawell, J., Curtis, J., Preston, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.